**UNITED STATES, Appellee,**

v.

**Specialist Five Paul JEANCOQ, SSN 556–15–9482, United States Army, Appellant.**

**CM 438689.**

U. S. Army Court of Military Review.

29 Jan. 1981.

Major Charles A. Byler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Michael Hanson, Esquire.

Captain Lawrence W. Fitting, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Robert B. Williams, JAGC.

Before RECTOR, CARNE and O'DON-
NELL, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial of wrongful possession of 11.2 kilograms of marijuana in the hashish form. He was sentenced to a dishonorable discharge, confinement at hard labor for thirty-six months, forfeiture of all pay and allowances, and reduction to the grade of Private (E-1). The sentence was approved by the convening authority.

On 14 March 1979, the appellant was apprehended at the German-Dutch border for possession of the hashish after it was discovered under the back seat of a vehicle which he was driving. His defense at trial was lack of knowledge concerning the hashish.

The appellant was represented at trial by detailed military counsel and by civilian counsel. The only government witness to testify as to Specialist Jeancoq's knowledge of possession was a Sergeant Brown. The appellant's civilian counsel had represented Sergeant Brown on unrelated drug charges, prior to Specialist Jeancoq's trial.

The appellant assigns as error the effectiveness of his civilian defense counsel in that he had a potential conflict of interest which thereby denied the appellant the assistance of counsel mandated by the Sixth Amendment.

■ We assume, without deciding, that at the time of the appellant's trial there existed a potential conflict of interest on the part of the civilian counsel. Upon consideration of the entire record and the numerous post-trial affidavits, we also conclude that the military judge was not informed by any party to the trial of the potential conflict.[1]

In view of the Supreme Court's recent decision in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), we find no error. While the present case does not entail multiple representation, the representation of the appellant and the primary government witness against him is so similar as to bring this case within the holding of that decision.

Therein the Court stated at 346–47, 100 S.Ct. at 1717:

Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of a trial. Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist.... 'An attorney ... is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial.' (citations omitted). Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.

As in *Cuyler v. Sullivan, supra*, there is nothing to indicate that the trial judge had an obligation to inquire whether there was a conflict of interest.

■ A potential conflict of interest is an inadequate basis upon which to attack a criminal conviction.[2] An appellant "who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance" before a Sixth Amendment violation will be found.[3] Our review of the entire record reveals no such conflict of interest.

The findings of guilty and the sentence are affirmed.

Chief Judge RECTOR concurs.

---

1. Thus this case differs from *United States v. Davis*, 3 M.J. 430 (C.M.A.1977), wherein the military judge was aware of a potential conflict of interest.

2. *Sullivan, supra*, at 348, 100 S.Ct. at 1717.

3. *Id. See also United States v. Hearst*, 638 F.2d 1190, (CA9, 1980).

O'DONNELL, Judge, concurring in the result:

I agree, giving due consideration to the conflicting affidavits introduced before us, that the military judge was not required to conduct an inquiry as he was unaware of any possible conflict of interest on the part of the civilian counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *Cf., United States v. Davis*, 3 M.J. 430 (C.M.A.1977).

Unlike the majority, I conclude that an actual conflict of interest existed in this case as a result of the civilian counsel's previous representation of a government witness. I agree, however, that the appellant has not demonstrated that this conflict adversely affected his lawyer's performance. *Cuyler v. Sullivan, supra*.

Accordingly, I concur in the result.